**ROBINSON BROG LEINWAND GREENE**
   **GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
Telephone No.: 212-603-6300
A. Mitchell Greene
Proposed Attorneys for the Debtor and Debtor in
Possession

**Hearing Date and Time:**
**December 21, 2015 at 10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

In re:                                                      Chapter 11

**FLATLANDS INVESTOR ACQUISITION LLC,**          Case No. 15-20010-rdd

                    Debtor.
-------------------------------------------------------------X

**DEBTOR'S MOTION PURSUANT TO**
**SECTIONS 105(A), 305(A) AND 1112(B) OF THE BANKRUPTCY**
**CODE FOR ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASE**

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

     Flatlands Investor Acquisition LLC (the "Debtor"), by its proposed attorneys, seeks the

entry of an order, a proposed form of which is annexed to this application as **Exhibit A**,

dismissing the Debtor's chapter 11 case pursuant to 11 U.S.C. §§ 105(a), 305(a) and 1112(b).  In

support of this motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

     1.    The court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This application has been referred to this Court for consideration pursuant

to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11*

(S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3.      This is a core proceeding arising under title 11 of the United States Code.

*See* 28 U.S.C. §§ 157(b)(1).  The statutory predicates for the relief sought herein are Sections

105 and 1112 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1017, 2002

and 9013.

## Background

4.      On November 2, 2015 (the "Petition Date"), the Debtor filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5.      The Debtor is a special purpose limited liability company currently under

contract to purchase the real property located at 10801 Seaview Avenue, Brooklyn, New York

(the "Property").  The Property is currently owned by Alliant/Seaview Limited Partnership (the

"Seller") who entered into an Agreement of Sale dated September 16, 2015 (the "Sale

Agreement") with David Kornitzer ("Kornitzer") to sell the Property to Kornitzer for a purchase

price of $3,800,000.  Kornitzer subsequently assigned his interest in the Sale Agreement to the

Debtor who currently holds the contract right to consummate the Sale Agreement.

6.      Pursuant to the Sale Agreement, closing was to occur on or before October

31, 2015, however, due to differences between the Debtor, Kornitzer and the Seller, closing did

not occur by October 31.  Accordingly, the Chapter 11 Case was filed in order for the Debtor to

preserve its contract rights and position as a contract vendee in the Sale Agreement under the

Bankruptcy Code.

7.    The deadline for the Debtor to file its schedules and statement of financial affairs was extended by order of this Court to November 30, 2015.  As of the filing of this motion, the Debtor has not filed its schedules or statement of financial affairs.  No committee, trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

8.    Since the Petition Date, the Debtor, Kornitzer and Seller have resolved their differences and are entering into the Amendment to Agreement of Sale (the "Amendment"), substantially in the form attached hereto as **Exhibit B**.  Pursuant to the Amendment, which is conditioned on dismissal of the Chapter 11 Case, the Debtor and Kornitzer have agreed to terminate the assignment, to the extent such assignment is valid, and the Seller has agreed to extend the initial October 31, 2015 closing deadline so that Kornitzer and Seller can close on the Sale Agreement by December 31, 2015.[1]

9.    While the Debtor has not filed its schedules, the Debtor submits that it has approximately five creditors holdings claims of approximately $400,000, the majority of which is owed to one creditor who advanced funds to the Debtor.  The Debtor submits that no creditors will be prejudiced by dismissal of this Chapter 11 Case.

## LEGAL STANDARD

10.    Section 105 of the Bankruptcy Code provides that the "court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title,"  11 U.S.C. Section 105(a).

11.    Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest after notice and a hearing, the court shall convert…or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…"  11 U.S.C.

---

[1]  The description of the Amendment set forth herein is qualified by reference to the actual Amendment which is attached hereto as **Exhibit B**.

Section 1112(b)(1).  Upon a finding of "cause," the court must dismiss or convert a Chapter 11

case absent unusual circumstances.  See In re Gateway Access Solutions, Inc., 374 B.R. 556, 560

(Bankr. M.D.Pa. 2007) ("amendments to §1112 limit the Court's discretion to refuse to dismiss

or convert a Chapter 11 case upon a finding of cause").  The list of factors contained in section

1112(b) is not exhaustive.  In re C-TC 9th Ave. P'ship, 113 F. 3d 1304, 1311 (2d Cir. 1997);

Clear Blue Water, LLC v. Oyster Bay Mgmt Co. LLC, 476 B.R. 60, 66 ( E.D.N.Y. 2012); In re

Island Helicopters, 211 B.R. 453, 462 (Bankr. E.D.N.Y. 1997).   Additionally, dismissal is also

appropriate under section 305(a) of the Bankruptcy Code.  "[S]ection 305 is reserved for those

rare occasions when both the creditors generally and the debtor itself are better served by

dismissal or suspension."  2 Collier on Bankruptcy ¶305.01[1] (Alan N. Resnick & Henry J.

Somme reds., 15th ed. rev.).

   12. In the case at bar, the operative facts demonstrate that dismissal is in the

best interest of all parties.  During the course of this Chapter 11 Case, the Debtor has reached an

agreement with Kornitzer and the Seller to provide for the ultimate sale of the Property to

Kornitzer, thus resolving the Debtor's primary dispute with the Seller.  Now that all parties are

willing and able to close, the Property will be sold to Kornitzer in accordance with the Sale

Agreement and Amendment.  The Amendment eliminates the need for this case and without any

other property to administer, there is no longer any continuing bankruptcy purpose.

   13. The Debtor has served a copy of this motion by mail upon: (i) the Office

of the United States Trustee, Attn: Serene Nakano, Esq.; (ii) all of the Debtor's known creditors;

and (iii) all parties who filed notices of appearance or otherwise entitled to notice in the Debtors'

cases.

14.     No prior motion for the relief sought herein has been made to this or any

other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the order in the

form annexed hereto dismissing the Debtor's Chapter 11 Case; and (iii) granting related relief.

Dated: New York, New York
      November 25, 2015

                                 ROBINSON BROG LEINWAND GREENE
                                 GENOVESE & GLUCK P.C.
                                 Proposed Attorneys for the Debtors
                                 875 Third Avenue
                                 New York, New York 10022
                                 (212) 603-6300

                                 By: /s/ A. Mitchell Greene
                                 A. Mitchell Greene

## Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

In re:

**FLATLANDS INVESTOR ACQUISITION**      Case No.:  15-20010-rdd
**LLC,**

Debtor.

--------------------------------------------------------

## ORDER DISMISSING CHAPTER 11 CASE

Upon the application of Flatlands Investor Acquisition LLC (the "Debtor")

seeking entry of an order dismissing its chapter 11 case pursuant to 11 U.S.C. §§ 105(a), 305(a)

and 1112(b); and it appearing that appropriate notice has been given; and no objections having

been interposed; and a hearing having been held before this Court on December 21, 2015; and

sufficient cause existing for the relief requested, it is

**ORDERED**, that the Debtor's chapter 11 case commenced under Chapter 11 of

title 11 of the United States Code is dismissed pursuant to 11 U.S.C. §§ 105(a). 305(a) and

1112(b); and it is further

**ORDERED,** that the Court shall retain jurisdiction over all matters relating to the

implementation or interpretation of this Order.

Dated: White Plains, New York
      December  __, 2015

_____
**HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**

{00763261.DOC;1 }

**<u>Exhibit B</u>**

## <u>AMENDMENT TO AGREEMENT OF SALE</u>

This Amendment to Agreement of Sale (the "Agreement") is entered into this ___ day of November, 2015 by and between Alliant/Seaview Limited Partnership ("Seller") and David Kornitzer ("Purchaser"), and is joined in execution by Flatlands Investor Acquisition LLC, a New York limited liability company ("Flatlands").

**WHEREAS**, Seller and Purchaser previously entered into that certain Agreement of Sale, dated as of September 16, 2015 (the "Contract"), pursuant to which Purchaser agreed to Purchase, and Seller agreed to sell, certain condominium units in the building located at 10801 Seaview Avenue, Brooklyn, New York; and

**WHEREAS**, capitalized terms first used but not defined in this Agreement shall have the respective meanings ascribed to such terms in the Contract; and

**WHEREAS**, pursuant to the Contract, Purchaser deposited the Deposit with Escrow Agent; and

**WHEREAS**, pursuant to the Contract, the Closing thereunder was to occur on or before October 31, 2015, WITH TIME BEING OF THE ESSENCE; and

**WHEREAS**, the Closing did not occur on the scheduled Closing Date as a result of Purchaser's unpermitted attempt to terminate the Contract; and

**WHEREAS**, after the scheduled Closing Date, Purchaser, without the prior consent of Seller which consent Purchaser contends was not required under the Contract, assigned the Contract to Flatlands pursuant to that certain Assignment of Agreement, dated November 2, 2015 (the "Assignment"); and

**WHEREAS**, pursuant to Section 17 of the Contract, Seller contends Purchaser is not permitted to assign its interest in the Contract without the prior written consent of the Seller, and, therefore, the execution and delivery of the Assignment constituted a Purchaser Default under the Contract;

**WHEREAS**, on November 2, 2015, following the execution of the Assignment, Flatlands filed a petition seeking relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and such matter was assigned Case No. 15-12953 (the "Bankruptcy Proceeding"); and

**WHEREAS**, there is a dispute among the parties as to the validity of the Assignment, but, to the extent the Assignment may be valid, Purchaser and Flatlands desire to terminate the Assignment; and

1

**WHEREAS**, notwithstanding the foregoing, Purchaser still desires to consummate the purchase of the Property in accordance with terms of the Contract, but, in connection therewith, Purchaser has requested that Seller agree to extend the Closing Date and otherwise amend the Contract as more particularly set forth herein; and

**WHEREAS**, Seller is willing to agree to such amendments, subject to the terms and conditions hereof, including the release of the Deposit to Seller as an extension fee.

**NOW THEREFORE**, with the foregoing recitals being incorporated into this Agreement by this reference, and in consideration of the mutual covenants and agreements herein contained and subject to the conditions herein set forth, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1.      Purchaser and Flatlands agree that, to the extent that the Assignment was valid, it is hereby terminated and shall be of no further force or effect.  Flatlands covenants and agrees, for the benefit of Seller, that Flatlands shall file a request for voluntary dismissal of the Bankruptcy Proceeding with the Bankruptcy Court within three (3) business days following the date of this Agreement and shall thereafter diligently pursue the dismissal of the Bankruptcy Proceeding.

2.      Each of Purchaser and Flatlands, their respective successors and assigns, and any person or entity claiming by or through any of them (collectively, the "Releasing Parties") hereby remises, releases, acquits, satisfies, and forever discharges Seller and its direct and indirect owners, partners, members, managers, shareholders, owners, successors, affiliates, employees, officers, directors, members, agents, representatives, attorneys and assigns (collectively, the "Released Parties") from any and all actions, causes of action, losses, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, obligations, damages, judgments, executions, claims, liabilities and demands whatsoever which any Releasing Party ever had, now has, or hereafter, can, shall or may have, against any of the Released Parties, directly or indirectly, whether known or unknown, relating in any manner to the Deposit, the Contact and the transactions contemplated thereby.

3.      In consideration of the agreements of Seller contained herein, Purchaser hereby authorizes and instructs the Escrow Agent to release the Deposit to the Seller.  The Deposit shall be deemed earned upon receipt by the Seller, and Purchaser hereby forever waives, relinquishes and releases any and all right, title, interest or claim it may now or hereafter have in and to the Deposit. Upon the release of the Deposit to the Seller, all references to the Deposit in the Contract shall be deemed deleted and shall be of no further force or effect.

4.      Subject to satisfaction of the conditions precedent set forth in Paragraph 7 below, the Closing Date shall be extended to December 31, 2015, WITH TIME BEING OF THE

ESSENCE, and all references to the Closing Date in the Contract shall be deemed to mean and refer to such date. Notwithstanding the foregoing, Purchaser shall have a one-time right to extend the Closing Date until January 31, 2016 by delivering to Seller, on or prior to December 21, 2015, both (a) written notice of its exercise of such right and (b) a fee of $50,000 (the "Extension Fee") by wire transfer of immediately available cash funds of Purchaser to an account designated by Seller.  The Extension Fee shall be deemed earned upon receipt and shall not be refundable to Purchaser under any circumstances.  No further extension of the Closing Date will be granted by the Seller. Purchaser's failure to close the purchase under the Contract on or before the Closing Date (as extended hereby) shall constitute a default by Purchaser under the Contract.

5.      Purchaser expressly acknowledges and agrees that all due diligence documents, information and materials to be delivered by the Seller in accordance with the Contract have been so delivered and that all contingencies in favor of the Purchaser in the Contract, and any rights of Purchaser to terminate the Contract, have been satisfied or are hereby waived, relinquished and released by Purchaser.

6.      Subject to satisfaction of the conditions precedent set forth in Paragraph 7 below, and provided that the Closing occurs under the Contract (as extended hereby), Purchaser will be given a credit against the Purchase Price at Closing in the amount of $380,000.00.

7.      The following shall be conditions precedent to the effectiveness of the agreements of Seller under the preceding Paragraphs 4 and 6: (a) the Bankruptcy Proceeding shall have been dismissed and Seller shall have received satisfactory evidence of such dismissal and (b) the Deposit shall have been delivered to Seller.

8.      Purchaser hereby agrees to indemnify, defend, protect and hold the Released Parties free and harmless from and against any and all damages, actions, causes of action, losses, liabilities, claims, penalties, interest, costs, fines, suits, or expenses, including, without limitation, attorneys' fees, expenses, disbursements and court costs and amounts paid in settlement of any claims (collectively, "Losses") arising out of, relating to, or in connection with the Bankruptcy Proceeding.  Purchaser shall pay the amount of any Losses to the Released Parties entitled thereto within ten (10) days following written demand therefor.

9.      Except as expressly modified herein, the Contract, and each term and provision thereof, remains unmodified and shall continue in full force and effect.

10.     This Agreement may not be amended or modified, changed, supplemented or terminated, nor may any obligations hereunder be waived, except by written instrument signed by all the party to be charged.

11.     This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York pursuant to Section 5-1401 of the New York General Obligations Law.

12.     This Agreement may be executed in one or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, it being understood that all parties need not sign the same counterpart.  Signatures delivered by facsimile or electronic data file shall have the same effect as original signatures.

[*The remainder of this page is intentionally blank. Signatures commence on the following page.*]

4

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first above written

**SELLER:**

ALLIANT/SEAVIEW LIMITED PARTNERSHIP,
a New York limited partnership

By:     Alliant/Seaview, LLC,
        a Florida limited liability company
        its general partner

        By:     Alliant Real Estate Investments, LLC,
                a Florida limited liability company,
                its sole member


                By: _____
                        Brian Goldberg, President

**PURCHASER:**

_____
DAVID KORNITZER, an individual


**JOINED FOR THE PURPOSES OF AGREEING TO
THE PROVISIONS OF PARAGRAPHS 1 AND 2 BY:**

FLATLANDS INVESTOR ACQUISITION LLC,
a New York limited liability company


By:_____
        Name:   David Kornitzer
        Title:    Authorized Signatory

5